IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUMARIE LOZADA REYES<br><br>Plaintiff,<br><br>v.<br><br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIVIL NO. 19-1760 (GLS) |

**OPINION AND ORDER**

Pending before the Court is Plaintiff counsel's request for attorney's fees under Section 406(b) of the Social Security Act in the amount of $10,000.00. For the reasons discussed below, Plaintiff counsel's Section 406(b) petition is **GRANTED in part and DENIED in part**, provided that the fees previously awarded by the Court under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") be refunded to Plaintiff.

I.   **Background**

Plaintiff signed a contingency based fee agreement with Attorney Pedro G. Cruz Sánchez which established that, if Plaintiff succeeded in her claim, the Court could order the Social Security Administration ("SSA") to pay attorney's fees pursuant to the EAJA. Docket No. 27-1. The agreement also established that Section 406(b) fees could be requested, capped at 25% of past due benefits awarded to Plaintiff and her family. Id.

Plaintiff's counsel filed a complaint seeking review of the Commissioner's denial of her disability benefits. Docket No. 3. The Commissioner did not answer but moved the Court to remand Plaintiff's case to the SSA for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Docket No. 18. The Court issued an Order granting the Commissioner's request and entered Judgment remanding Plaintiff's claim. Docket Nos. 19 and 20. Plaintiff moved for attorney's fees under the EAJA. Docket No. 22. The parties reached an agreement for the payment of fees in the amount of $1,580.42. Docket No. 25. And the Court granted Plaintiff's request for attorney's fees under the EAJA pursuant to the agreement between the parties. Docket No. 26.

1

On November 10, 2020, the SSA issued a Notice of Award ("NOA") granting Plaintiff past due benefits, withholding 25% ($37,203.00) for attorney's fees. Docket No. 32-1. Notwithstanding the foregoing, on September 4, 2021, the SSA issued an amended NOA. Docket No. 27-2. In the amended NOA, the SSA notified a reduction of the total past due benefits to be awarded to Plaintiff. The total amount the SSA withheld for attorney's fees was thus reduced from $37,203.00 to $32,910.50. Id. Plaintiff's counsel was notified both the NOA and the amended NOA. Docket No. 27 at page 2.

On September 13, 2021 — nine (9) days after the amended NOA was issued — Plaintiff's counsel requested the payment of attorney's fees pursuant to Section 406(b). Docket No. 27. Plaintiff's counsel seeks $10,000.00. Docket No. 27. Plaintiff's counsel sustains that his request is timely, and reasonable because it is significantly lower than the 25% established in the contingency fee agreement and he adequately represented Plaintiff in court proceedings. Id. In response, the Commissioner asserts that, even though the time to seek attorney's fees under Section 406(b) is not clearly established, this District Court recently held that a Section 406(b) motion is untimely if filed months after the initial NOA absent a reasonable explanation for the delay. Docket No. 32. The Commissioner further points the Court to question the reasonableness of the request given that, if allowed, Plaintiff counsel would be paid at the equivalent of $1,234.57 per hour. The Court pauses to consider reasonableness and concludes that a reduction is in order.

## II. Discussion

Attorneys who successfully represent a Social Security benefits claimant may be awarded attorney's fees under the EAJA or Section 406(b). Under the EAJA, the prevailing party may be awarded reasonable attorneys and expenses if the Government's position in the litigation was not "substantially justified". See 28 U.S.C. §2412(d)(1)(A); (d)(2)(A). The fees are calculated based on the time expended and the attorney's hourly rate. Id. In turn, Section 406(b) provides that attorneys' fees may be granted if the request is reasonable and does not exceed 25% of past due benefits awarded to the claimant. 42 U.S.C.A. §406 (b)(1)(A). Unlike petitions under the EAJA, which are payable by the SSA, Section 406(b) fees are payable "out of, and not in addition to, the amount of past-due benefits" awarded to claimant. 42 U.S.C. §406(b)(1)(A); Gisbrecht v. Banhard, 535 U.S. 789, 792 (2002). Fee awards may be claimed under both the EAJA and Section 406(b), but the attorney must refund the claimant the amount of the smaller fee. Id. at 796.

Section 406(b) does not provide an applicable limitations period for the filing of a motion for attorney's fees. The First Circuit Court of Appeals has yet to address the issue and this District Court does

not **at present** have a Local Rule establishing an applicable deadline.[1] See Ortiz-Ocasio v. Commissioner, 2021 WL 3214368 at *1 (D.P.R.); Colón-Colón v. Saul, 2021 WL 2232099 at *3 (D.P.R.). However, recently in this District, the Court looked at Rule 54 of the Federal Rules of Civil Procedure for an answer to this inquiry. Meléndez v. Commissioner, 2021 WL 4485393 at *2 (D.P.R.). Pursuant to the Court in Meléndez, "[o]nce counsel receives notice of the benefits award— and, consequently, notice of the maximum attorney's fees that may be claimed— there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a 406(b) filing, just as it would apply to any other final or appealable judgment." Id. at *2-3 (citing Sinkler v. Berryhill, 932 F.3d 83 (2nd Cir. 2019)). See also Roldán-Urbina v. Commissioner, 2022 WL 34663 at n.1 (D.P.R.). The Court's analysis in Meléndez is spot on. Rule 54 of the Federal Rules of Civil Procedure allows a prevailing party fourteen (14) days from the entry of judgment to seek attorneys' fees. Fed.R.Civ.P.54(d)(2)(B)(i). There being no binding precedent to the contrary and, considering the proposed amendments to this District Court's Local Rule 9 discussed in note 1, the Court applies the 14-day limitations period in Rule 54 of the Federal Rules of Civil Procedure to this Section 406(b) request.

      We now consider the triggering event of the 14-day limitations period. This District Court has held that the triggering event for a Section 406(b) fee petition is the date of notification of the NOA. See Rodríguez v. Commissioner, 542 F.Supp.3d 118, 121 (D.P.R. 2021); Dieppa v. Commissioner, 2021 WL 2144226 at *2 (D.P.R.); González v. Commissioner, 2021 WL 2173426 at *2 (D.P.R); Núñez Ramos v. Commissioner, 2021 WL 2144218 at *2 (D.P.R.); Ocasio v. Commissioner, 2021 WL 3214368 at *1 (D.P.R.) (delay in filing Section 406 motion justified because motion filed promptly after receiving copy of NOA); Sierra-Rossy v. Commissioner, 2021 WL 4483479 at *3 (D.P.R.) (triggering event when NOA was notified to counsel). But this case is different. While the SSA sent Plaintiff an initial NOA on November 10, 2020, the SSA sent Plaintiff an amended NOA on September 4, 2021, reducing the past due benefits awarded to Plaintiff and, consequently, the amount to be withheld on account of attorney's fees. Docket No. 27-2. Plaintiff's counsel received timely notification of both the original NOA and the amended NOA. But it was not until nine (9) days of the amended NOA that Plaintiff's counsel, **for the first time**, moved for attorneys' fees under Section 406(b). Docket No. 27. The issue then is whether the

---

[1] The proposed amendment to this District Court's Local Rule 9, when enacted, would ultimately clarify this issue. Proposed Local Rule 9(d)(2) states that a party seeking attorneys' fees pursuant to Section 406(b) "shall have **fourteen (14) days after counsels' receipt of the original, amended, or corrected Notice of Award**, whichever is latest, to file its request for attorneys' fees" (emphasis provided); see In Re: Adoption of Local Rules, 03-MC-115, Docket No. 63-1.

amended NOA triggered a new 14-day term for Plaintiff's counsel to submit his request for attorney's fees under Section 406(b). We answer in the affirmative.

The Court in Meléndez and this Court have by analogy applied Rule 54 of the Federal Rules of Civil Procedure to identify the applicable limitations period in which to file a motion for attorney's fees under Section 406(b). See Meléndez, 2021 WL 4485393 at *2. Rule 54(d)(2)(B)(i) provides that the applicable limitations period for a motion for attorneys' fees is fourteen (14) days **from the entry of judgment**. However, when the judgment has been amended, that term begins to run anew. See Fed.R.Civ.P. 54 (Advisory Committee Notes, 1993 Amendment); see e.g., Sun Capital Partners v. New England Teamsters, 329 F.R.D. 102, 108 (D. Mass. 2018)(there can be no doubt that a successful motion to alter judgment allows for another 14 days during which attorney's fees can be requested); Báez Rivera v. Cooperativa, 2013 WL 12234182 (D.P.R.)(attorney's fees timely filed after amended judgment); LAMCO v. Archdioceses, 2010 WL 1068195 (D.P.R.)(same). Further, courts in other districts have concluded that an amended NOA triggers the term to file attorney's fees under Section 406(b). See e.g., Recupero v. Saul, 2020 WL 3603755 (D. Conn.); Sargent v. Commissioner, 2019 WL 538819 (D. Vt.); Grace v. Berryhill, 2018 WL 1940420 (S.D.N.Y.); Cordice v. Astrue, 2012 WL 243089 at *1 (D. Me.)(distinguishing between interim NOA and final NOA and holding that the time to file a fee petition is after a final NOA). Here, Plaintiff's counsel filed his request well within 14 days of the notification of the amended NOA on September 4, 2021. The sentence four remand did not come to an end until the SSA issued the amended NOA. Accordingly, the Court finds that a new limitations period for the Section 406(b) request began to accrue on September 4, 2021. Plaintiff counsel's request was timely filed on September 13, 2021.[2]

Having decided that Plaintiff counsel's request for Section 406(b) fees is timely, the Court must delve on its reasonableness. Gisbrecht, 535 U.S. at 807. Contingency based fee agreements are "the primary means by which fees are set for successfully representing Social Security claimants in Court". Id. at 791, 807. However, when a petition under Section 406(b) is made, courts are called to make an independent review of contingency-fee agreements to make sure that reasonable results are obtained. Id. Reasonableness is determined "based on the character of the representation and the results the representative achieved." Id. at 808; see also Roldán-Urbina, 2022 WL 34663 at *2. The following factors

---

[2] See note 1. The proposed Local Rule 9(d)(2) would also clarify that the 14-day term will being to accrue upon "counsels' receipt of the original, amended, or corrected Notice of Award".

are relevant to reasonableness: (1) if the representation provided by the attorney was substandard, (2) if the attorney can be deemed responsible for any delays in the resolution of the case and (3) if the contingency fee is disproportionately large in comparison to the amount of time spent by the attorney working on the case. Gisbrecht, 535 U.S at 807-808. Courts should reduce fees when these are "inordinately large" vis-à-vis counsel's efforts in the case. Id. If there is some "unearned advantage" for the attorney, the fee may be considered a windfall for the attorney and should be disallowed. Id.; see also Jeter v. Astrue, 622 F.3d 371, 377 (5th Cir. 2010); Siraco v. Astrue, 806 F.Supp.2d 272, 276 (D. Me. 2011). This does not mean that an attorney may not recover "what may mathematically seem like a high fee award". Siraco at 276. However, the attorney's success must be *of his own making*. Id.; see also Jeter at 381; Ezekiel v. Astrue, 853 F.Supp.2d 177, 180-181 (D. Me. 2012)(lawyer that spent "virtually no time" on lawsuit is unearned windfall and warranted reduction in fee). Compare with Fields v. Kijakazi, 24 F. 4th 845 (2nd Cir. 2022)(not a windfall when attorneys reviewed extensive administrative record, drafted highly detailed memorandum, and represented claimant for many years in multiple hearings and appeals). Therefore, the Court's duty here is to make sure that Plaintiff's counsel is reasonably compensated for the efforts of his own making without losing sight that Section 406(b) fees are withheld from a disabled person's benefits.

Plaintiff's counsel submits that he devoted 11 hours to this case (8.1 hours on judicial work at the district court level and 2.9 hours following up on Plaintiff's payment).[3] Docket No. 27. He requests a total of $10,000.00 in attorney's fees. Id. at page 3. Plaintiff's counsel sustains that the amount requested is proper because it does not exceed the statutory cap of 25% past due benefits; which in this case amounts to $32,910.50. Counsel also sustains that this request is reasonable because the contingency fee agreement allowed him to seek up to 25% of the past due benefits. And because the case was resolved in his client's favor. The Commissioner notes that Plaintiff counsel's *de facto* rate would be $1,234.57 per hour, when considering the 8.1 hours devoted to judicial work.

There is no question that Plaintiff achieved a favorable result as the case was remanded to the SSA and an award of past due benefits was obtained. Docket Nos. 20 and 27-2. And, importantly, nothing in the record suggests that Plaintiff's counsel unreasonably delayed proceedings or that his representation was in any way improper or substandard. However, it is also true that Plaintiff counsel's efforts in this

---

[3] Section 406(b) provides for compensation of services performed by counsel before the Court; therefore, administrative tasks with the SSA are not compensable under Section 406(b). See 42 U.S.C. §406 (b)(1)(A). There can be little question that following up on payment is an administrative task.

case were limited to drafting the complaint, service of summons, and reviewing transmittal orders of the Court. Indeed, a review of the docket reveals that the only substantive work performed by Plaintiff's counsel was to draft the complaint. The complaint is two (2) pages long: one page is devoted to general factual allegations and the other to the requested relief. After the filing of the complaint and service of summons, the Commissioner moved to remand. No research, complex analysis or briefing was necessary. This explains the 8.1 hours of judicial work requested by Plaintiff's counsel. But it does not justify the payment of $10,000.00. See e.g., Ortiz Ocasio, 2021 WL 3214368 at *2 (complaint alleged no particulars, no briefing involved, and Commissioner requested remand); Roldán-Urbina, 2022 WL 34663 (D.P.R.)(award of $7,198.00 for 20.5 hours reasonable); Recupero, 2020 WL 3603755 (D. Conn.)(award of $10,691.50 for 36.10 hours reasonable); Ezekiel, 853 F.Supp.2d at 180-181 (after finding windfall, reducing fee to $3,675 for 3.1 hours); Pagán-Torres v. Commissioner, 18-cv-1921 (MDM)(recommending reduction to $5,111.00 in attorney's fees for 8.3 hours). It is the Court's view that, given the travel of this case, the requested fee of $10,000.00 would compensate Plaintiff's counsel an inordinately large amount for 8.1 hours of work and is unreasonable. A reduction is warranted. There is no mathematical formula for calculating a reduced fee. The Court uses its independent judgment and reasons that an award of $6,580.42 is more akin to the complexity of the case and is a fair compensation for the work performed.

### III.   Conclusion

The Court finds that Plaintiff counsel's Section 406(b) petition is timely, but a reduction in the requested fee is warranted. Plaintiff counsel's Section 406(b) request is **GRANTED in part and DENIED in part**. Plaintiff's counsel is granted $6,580.42 in attorney's fees but should refund Plaintiff the amount of $1,580.42 awarded under the EAJA.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of March 2022.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge
